IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

CAPITAL ONE, N.A.,

    Plaintiff,

v.

BENJAMIN F. EVANS,

    Defendant.

Case No. 3:26-cv-00093-AB

ORDER

**BAGGIO, District Judge:**

    Plaintiff Capital One, N.A. brings this case against Defendant Benjamin F. Evans. Plaintiff alleges two claims arising out of Defendant's failure to make payments on a credit account: breach of contract and quantum meruit. Notice of Removal Ex. 1, at 2–3, 12–13, ECF

1 – ORDER

No. 1-1[1] (referencing both excerpts of Plaintiff's May 2, 2025, Complaint). Plaintiff seeks $4,053.26 in relief in connection with both claims. *Id.* at 4, 14.

On January 16, 2026, Defendant filed a Notice of Removal with this Court. Notice of Removal, ECF No. 1. Defendant asserts that the basis for this Court's subject matter jurisdiction is federal question jurisdiction. *Id.* at 3. For the following reasons, the Court finds it lacks subject matter jurisdiction over this case. Accordingly, the Court remands this case to the Multnomah County Circuit Court.

Federal courts are "obligated to consider sua sponte whether [they] have subject matter jurisdiction." *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1116 (9th Cir. 2004). Federal courts generally have subject matter jurisdiction over two types of cases: (1) federal question cases, and (2) diversity of citizenship cases. Federal question cases are "actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. An action arises under federal law "only when the plaintiff's statement of his own cause of action shows that it is based upon [federal law]." *Vaden v. Discover Bank*, 556 U.S. 49, 60 (2009) (quoting *Louisville & Nashville R.R. Co. v. Mottley*, 211 U.S. 149, 152 (1908)). "Federal jurisdiction cannot be predicated on an actual or anticipated defense . . . ." *Id.* "Nor can federal jurisdiction rest upon an actual or anticipated counterclaim." *Id.* Diversity of citizenship cases, alternatively, are "actions where the matter in controversy exceeds the sum or value of $75,000 . . . and is between . . . citizens of different States . . . ." 28 U.S.C. § 1332(a)(1). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

---

[1] Citations to Exhibit 1 of Defendant's Notice of Removal are to the ECF-paginated pages.

2 – ORDER

Here, the Court finds that this case is neither a federal question case nor a diversity of citizenship case. Accordingly, the Court remands this case to the Multnomah County Circuit Court for lack of subject matter jurisdiction.

First, with respect to federal question jurisdiction, Defendant asserts that this Court has federal question jurisdiction pursuant to various federal statutes, including, but not limited to, 12 U.S.C. § 412, 18 U.S.C. § 8, 18 U.S.C. § 2314, and 18 U.S.C. § 1348. Notice of Removal 3. Yet, none of these statutes are "presented on the face of [Plaintiff's] properly pleaded [C]omplaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). Instead, they appear in Defendant's Response and Counterclaims and Defendant's Amended Response and Counterclaims. *See* Notice of Removal Ex. 1, at 26–33, 47–62. The Supreme Court has held federal question jurisdiction cannot rest upon a defense or counterclaim. *See Vaden*, 556 U.S. at 60. Accordingly, because Plaintiff's breach of contract and quantum meruit claims do not arise under federal law, and federal question jurisdiction may not rest upon a defense or counterclaim, the Court finds that it lacks federal question jurisdiction over this case.

Second, with respect to diversity of citizenship jurisdiction, the Court finds it is not present in this case. Even if Plaintiff and Defendant are citizens of different states, the amount in controversy—$4,053.26—is insufficient. *See* Notice of Removal Ex. 1, at 4, 14; *see also Sky-Med, Inc. v. Fed. Aviation Admin.*, 965 F.3d 960, 965 (9th Cir. 2020) ("'We have defined the amount in controversy as the amount at stake in the underlying litigation,' which includes 'any result of the litigation, excluding interests and costs, that entails a payment by the defendant.'" (quoting *Gonzales v. CarMax Auto Superstores, LLC*, 840 F.3d 644, 648 (9th Cir. 2016))).

///

///

3 – ORDER

## CONCLUSION

The Court REMANDS this case to Multnomah County Circuit Court. All pending motions are DENIED as moot.

IT IS SO ORDERED.

DATED this 5th day of February, 2026.

_____
AMY M. BAGGIO
United States District Judge

4 – ORDER